IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEGACY DIESEL AND MARINE, LLC**                                                      **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 3:20-CV-262-HTW-LGI**

**RIVERSIDE CONSTRUCTION CO., INC.**
**And M/S LANTANA,** *in rem*                                                    **DEFENDANTS**

## ORDER

BEFORE THIS COURT are two similar *Motions In Limine* **[Docket nos. 27 and 29]** filed by Plaintiff Legacy Diesel and Marine, LLC. ("Legacy"). Both motions purport to be proper evidentiary motions under the Federal Rules of Civil Procedure and this court's Uniform Local Rules, as both challenge Defendant Riverside Construction Company, Inc.'s ("Riverside") alleged failure properly to designate witnesses identified by Riverside as "experts". The targeted witnesses are Paul Williams ("Williams") and Dan Hurum ("Hurum").

Riverside moves the court to deny each of Legacy's Motions In Limine. In the alternative, Riverside requests this court to allow it the opportunity to supplement its prior designation of expert witnesses.

This court has subject matter jurisdiction over this lawsuit pursuant to Title 28 U.S.C.§ 1332[1], as there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Legacy has filed its claims pursuant to Title 28 U.S.C. §

---

[1] 28 U.S.C. § 1332 states:
    (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
        (1)    Citizens of different States; …

1333[2]; therefore, this court further has original jurisdiction over Legacy's admiralty and maritime claims.

Plaintiff Legacy here seeks to recover $88,482.71 allegedly owed to it by Riverside for certain diesel engine repairs. Riverside does not dispute that Legacy performed repairs; Riverside challenges whether Legacy's repair bill for the time and labor is accurate. Riverside also accuses Legacy of damaging some of the parts Riverside provided.

Presently, the parties are gearing up for trial. These In Limine motions have been generated by their trial preparations. Legacy is aggrieved that Riverside has not complied with Rule 26 in the designation of its expert witnesses. Specifically, Legacy contends that Riverside has not submitted written reports containing, *inter alia*, a complete statement of all opinions the witness will express and the bases for them; the facts or data considered by witnesses in forming the opinions; the witnesses' qualifications, including publications; a list of all publications of the last ten years authored by the witnesses; a list of all other cases of the previous four years in which the witness has testifies as an expert at trial, or by deposition; and statement of the compensation to be paid to the expert.

Rule 26(2)(a)(B)[3] requires experts to provide the above information. *Ecuadorian v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010) (holding that Rule 26(a)(2)(B) provides that when

---

[2] 28 U.S.C. § 1333 states that district courts shall have original jurisdiction, exclusive of the courts of the States, of:
 (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
 (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

[3] Fed. R. Civ. P. 26 (a) (2)(B) provides:
 Unless otherwise stipulated or ordered by the court, [the] disclosure must be accompanied by a written report- prepared and signed by the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;

2

experts testify before a court, they must submit a report disclosing "the data or other information" they have considered in reaching their conclusions). See also *Hamlin v. Frayser Quality, LLC.*, No. 3:20-cv-364 (3/16/2021).

Rule 37 prohibits a party who fails to provide the information Rule 26(a) requires from using that witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1)[4]. This court has discretion whether to exclude an expert witness. *See Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 26 (5th Cir. 2020) (reviewing exclusion of expert testimony for abuse of discretion).

Riverside's argument that Legacy's motions are *Daubert*[5] motions in disguise is unpersuasive. The *Daubert* standard has no place here. Legacy is not challenging the testimonial qualifications of Williams and Hurum, but whether Riverside has complied with the procedural requirement to provide a rule-blessed inquiry into the backgrounds of these witnesses to offer expert testimony.

---

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

[4] Fed R. Civ. P. 37 (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
    (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
        (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
        (B) may inform the jury of the party's failure; and
        (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

[5] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Nor is this court impressed with Riverside's argument that these witnesses could be construed as Rule 701[6] expert witnesses. These witnesses do not purport to have any first-hand knowledge of the dispute at hand.

As submitted, these two witnesses fall under the banner of Rule 26 expert witnesses. As such, Riverside is required to comply with the informational mandate of Rule 26. Riverside's responses relative to those witnesses falls far short of doing so.

Accordingly, this court GRANTS Legacy's Motions In Limine **[Docket nos. 27 and 29]** and directs Riverside to comport with Rule 26. This court has ordered the parties to appear for a pretrial conference on April 15, 2022. Riverside, thus, must comport with Rule 26 for these witnesses by the date of the pretrial conference, if Riverside still intends to call them.

SO ORDERED, this the 14th day of March, 2022.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[6] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701